IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| DAVID MATSUURA, ET AL., | CIVIL NO. 96-01180 SOM-LEK |
| Plaintiffs, | |
| vs. | |
| E.I. du PONT DE NEMOURS AND COMPANY, | |
| Defendants. | |
| FUKU-BONSAI, INC., ET AL., | CIVIL NO. 97-00716 SOM-LEK |
| Plaintiffs, | |
| vs. | |
| E.I. du PONT DE NEMOURS AND COMPANY, ET AL., | |
| Defendants. | |
| | CIVIL NO. 99-00660 SOM-LEK |
| LIVING DESIGNS, INC., ET AL., | |
| Plaintiffs, | |
| vs. | |
| E.I. du PONT DE NEMOURS AND COMPANY, ET AL., | |
| Defendants. | |
| | CIVIL NO. 00-00328 SOM-LEK |
| MCCONNEL, INC., a CALIFORNIA CORPORATION, | |
| Plaintiff, | |
| vs. | |
| E.I. du PONT DE NEMOURS AND COMPANY, | |
| Defendant. | |
| | CIVIL NO. 00-00615 SOM-LEK |

```
ANTHURIUM ACRES, ET AL.,       )
                               )
         Plaintiffs,           )
                               )
     vs.                       )
                               )
E.I. du PONT DE NEMOURS AND    )
COMPANY,                       )
                               )
         Defendant.            )
_____)
```

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT E.I. DU PONT DE NEMOURS AND COMPANY'S
MOTION IN LIMINE NO. 3:  MOTION TO PRECLUDE EXPERT
TESTIMONY BY PERCIPIENT EXPERT WITNESSES, FILED MARCH 13, 2006**

Before the Court is Defendant E.I. du Pont de Nemours and Company's ("DuPont") Motion in Limine No. 3: Motion to Preclude Expert Testimony By Percipient Expert Witnesses, filed March 13, 2006 ("Motion in Limine").  Plaintiffs David Matsuura, Individually and dba Orchid Isle Nursery, and Stephen Matsuura, Individually and dba Hawaiian Dendrobium Farm, Fuku-Bonsai, Inc. and David W. Fukumoto, Living Designs, Inc. and Plant Exchange, Inc., McConnell, Inc., Anthurium Acres and Mueller Horticultural Partners (collectively "Plaintiffs") filed their memorandum in opposition to the Motion in Limine on April 3, 2006.  DuPont filed its reply brief on April 10, 2006.  This matter came on for hearing on May 19, 2006.  Appearing for Plaintiffs were Carl H. Osaki, Esq., A. Camden Lewis, Esq., Stephen T. Cox, Esq., Brady Thomas, Esq., and Kris A. LaGuire, Esq.  Appearing for DuPont were Warren Price, III, Esq., Kenneth T. Okamoto, Esq., and

Susan C. Wilson, Esq.  After careful consideration of the motion, supporting and opposing memoranda, and the arguments of counsel, this Court GRANTS IN PART and DENIES IN PART the Motion in Limine for the reasons set forth below.

## BACKGROUND

The history of the consolidated cases is long and has been thoroughly described in Living Designs v. E.I. DuPont de Nemours & Co., 431 F.3d 353 (9th Cir. 2005), cert. denied, 126 S. Ct. 2861 (2006).  See also Matsuura v. E.I. DuPont de Nemours & Co., 102 Hawai`i 149, 73 P.3d 687 (2003).  Plaintiffs are commercial growers who filed lawsuits in 1992 and 1993 against DuPont, the manufacturer of a systemic fungicide which was marketed under the name of Benlate, alleging that Benlate killed their plants ("Underlying Litigation").  Plaintiffs and DuPont settled the Underlying Litigation in 1994 ("1994 Settlement"). At the heart of the consolidated cases is Plaintiffs' allegation that DuPont "fraudulently withheld evidence of Benlate's contamination to induce Plaintiffs to settle their underlying Benlate litigation."  Living Designs, 431 F.3d at 358.  The claims presently being litigated in the consolidated cases are: civil RICO claims, fraud, misrepresentation, and non-fraud claims.[1]

---

[1] Plaintiffs' negligence and spoliation claims have been dismissed.  See Living Designs, 431 F.3d at 371-72.

## **DISCUSSION**

DuPont seeks to preclude Plaintiffs' witnesses, Kevin Malone and Wayne Parsons, both attorneys who represented Plaintiffs in the Underlying Litigation, and similar witnesses from giving expert opinion testimony pursuant to Federal Rules of Evidence 702. DuPont argues that this preclusion is mandated because of Plaintiffs' failure to submit written expert reports as required by the Federal Rules of Civil Procedure, and based on this Court's prior ruling in its order filed March 22, 2002 ("3/22/02 Order"). DuPont further submits that, since Plaintiffs did not appeal the 3/22/02 Order to the district court, this order is the law of the case.

The heart of this case, according to Plaintiffs, is the impact of the fraudulently withheld evidence on the settlement value of Underlying Litigation. Plaintiffs submit that Malone and Parsons, as counsel in the Underlying Litigation, are in the best position to know how the concealed evidence would have affected the settlement value. Plaintiffs point to the Ninth Circuit's decision in Living Designs and argue that the appellate court "recognized the importance of this evidence when it recently reversed and remanded these cases and found Malone's 'what if' testimony to be relevant, material and sufficient to get Plaintiffs' fraud claims to the jury." [Mem. in Opp. at 2 (citing Living Designs, 431 F.3d at 396-70).] Further, they

4

argue that the 3/22/02 Order does not preclude Malone "from testifying about the impact of the withheld evidence, but instead he and 13 other percipient witnesses were simply limited to testifying as non-retained percipient experts." [Id. at 3.] In essence, Plaintiffs' position is that, since the appellate court relied upon Malone's "what if" testimony in reversing and remanding the district court's decision, Malone's testimony cannot be limited by the trial court.

In reply, DuPont submits that the Ninth Circuit explicitly stated that it was not making any evidentiary rulings in its decision and thus its consideration of Malone's "what if" testimony was done without determining admissibility at trial. DuPont further expounded upon its interpretation of the 3/22/02 Order as precluding expert percipient witnesses from rendering opinion testimony based upon information acquired outside of information known to the witness at the time the underlying events unfolded.

It is clear that the Ninth Circuit made an unusual request to obtain Malone's testimony and commented extensively upon his "what if" testimony in reaching their decision.[2] It is also clear that the district judge in this matter has found this

---

[2] "Prior to oral argument, the Ninth Circuit requested that Plaintiffs provide the entire transcript of Malone's two day deposition for their complete review . . . ." [Mem. in Opp. at 4.]

5

testimony significant as well.  On September 22, 2006, the district court filed its Order Affirming in Part and Reversing in Part Magistrate Judge Orders dated July 11, 2006, and August 2, 2006 ("9/22/06 Order").  In reversing the magistrate judge, it stated that post-1994 settlements and verdicts are relevant to the determination of the probable amount of settlement in the absence of fraud "on the date of settlement":

> While Living Designs did not define what it meant by "the date of settlement," the Ninth Circuit was clearly attempting to put Plaintiffs in the position they would have been in had they not been allegedly defrauded.  Plaintiff may want to present evidence indicating that "the date of settlement" would not have been April 1994 had they known about the withheld Benlate tests.  In other words, Plaintiffs may want to introduce the post-1994 settlements and verdicts through Kevin Malone, or some other witness, who may describe a thought process or strategy that would have been affected by knowledge of contamination test results and/or of events that foreseeably followed the revelation of those tests.  Malone or another witness might, for example, testify that, had the test results been known earlier, cases in other jurisdictions would likely have proceeded to settlement or trial before Plaintiffs' cases, so that the dispositions of those other cases, even if after April 1994, would have been known before Plaintiffs settled.

[9/22/06 Order at 11-12.]

However, the issue at hand is not whether Malone, Parsons and other similar witnesses have relevant or significant testimony to offer, but whether, as percipient expert witnesses, they are permitted to render expert opinions based on information obtained outside of their personal knowledge without Plaintiffs

6

having timely filed an expert report in compliance with Fed. R. Civ. P. 26(a)(2).  They are not.

As more fully set forth in the 3/22/02 Order, Malone, Parsons and the other witnesses cannot testify as retained expert witnesses but can testify as percipient expert witnesses.  For instance, the lawyers can testify about knowledge acquired during their involvement in the Underlying Litigation and can use their expertise in explaining their testimony to the jury:

> Rule 26(a)(2)(B) mandates, with deliberate specificity, that expert witness disclosures shall include not only the identity of the expert witness but the written report of the expert's opinions and conclusions, and the expert's qualifications:
>> Except as otherwise stipulated or directed by the court, <u>this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony</u> in the case . . . <u>be accompanied by a written report prepared and signed by the witness</u>. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used . . .; the qualifications of the witness, including a list of all publications authored by the witness . . .; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified . . . within the

>               preceding four years.
> Fed. R. Civ. P. 26(a)(2)(B) (emphasis added).
> Plaintiffs' failure to provide the requisite
> written report and other information requires the
> Court to grant DuPont's Motion to Preclude as to
> the fourteen witnesses to the extent they could be
> called to testify or render opinions as "retained
> experts."
>       However, the fourteen witnesses are not
> entirely precluded.  These witnesses have been
> described as "percipient expert witnesses" in that
> they are experts in the fields of law or science,
> and were lawyers involved in the underlying
> litigation or were eyewitnesses to certain
> scientific studies related to Benlate.  Thus,
> these witnesses are not unlike treating physicians
> for whom an expert report is not required. <u>See</u>
> <u>Rangasan v. Hawaiian Tug & Barge Corp.</u>, No. Civ.
> 99-00275 SOM, 2000 WL 1569295, at *3 (D. Haw. Apr.
> 6, 2000) (treating physician may testify to
> causation if his testimony is based on knowledge
> acquired during course of treatment without having
> provided expert report); <u>see</u> <u>also</u> 6 Moore's
> Federal Practice § 26.23[2][b] (3d ed. 2001) ("A
> treating physician may state 'expert' facts to the
> jury in order to explain his or her testimony
> without being considered an expert witness.").

[3/22/02 Order at 5-6 (emphases and alterations in original).]

To be clear, these percipient expert witnesses cannot, however, give opinion testimony based on information obtained outside of their personal knowledge, for instance, from reading the deposition testimony of other witnesses:

>       While a "percipient expert witness," such as
> a treating physician, may testify about
> observations based on personal knowledge, <u>see,</u>
> <u>e.g.,</u> <u>Elgas v. Colorado Belle Corp.</u>, 179 F.R.D.
> 296, 299 (D. Nev. 1998), opinion testimony based
> on information acquired outside of the witness'
> knowledge triggers the requirements of Rule
> 26(a)(2)(B); namely, the written expert report,
> list of qualifications, and other information.
> <u>See</u> <u>Shapardon v. West Beach Estates</u>, 172 F.R.D.

>      415, 417 (D. Haw. 1997) (opinions based on
>      information outside the scope of the treatment of
>      Plaintiff is of a consulting nature and subject to
>      the report requirement of Rule 26(a)(2)(B)).

[Id. at 6-7.]

Rule 26(b)(4) addresses the manner in which parties may obtain discovery concerning experts who another party expects to call at trial or who were specifically retained or employed by the other party but are not expected to testify at trial. See Fed. R. Civ. P. 26(b)(4)(B). The Advisory Committee's notes to Rule 26(b)(4) state that:

>     the subdivision does not address itself to the
>     expert whose information was not acquired in
>     preparation for trial but rather because he was an
>     actor or viewer with respect to transactions or
>     occurrences that are part of the subject matter of
>     the lawsuit. Such an expert should be treated as
>     an ordinary witness.

Fed. R. Civ. P. 26(b)(4) advisory committee's note (1970 Amendment). In a recent unpublished opinion, the Ninth Circuit applied this principle in holding that orthopedic surgeons, as percipient expert witnesses, could testify about the basis for their treatment, diagnosis, and prognosis of the plaintiff, without the requirement of an expert report. See Oakberg v. Zimmer, No. 05-35231, 2006 WL 3478318, at *1 (9th Cir. Dec. 1, 2006). The Ninth Circuit further held that the district court abused its discretion in excluding one of the physician's testimony about what caused the plaintiff's failed hip replacement because causation is a conclusion reached during the

course of diagnosis and treatment.  See id.  Similarly, Malone and Parsons may, for instance, testify about their observations as attorneys in the Underlying Litigation.  As long as the information that they testify about "was not acquired in preparation for trial" in the instant case, the lack of an expert report does not prevent their testimony.

## **CONCLUSION**

For the foregoing reasons, the Motion in Limine is GRANTED insofar as the witnesses may not testify or render opinions as "retained experts" and is DENIED in all other respects.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, February 2, 2007.



 /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge


**DAVID MATSUURA, ET AL. V. E.I. DU PONT DE NEMOURS AND COMPANY; FUKU-BONSAI, INC., ET AL. V. E.I. DU PONT DE NEMOURS AND COMPANY, ET AL.; LIVING DESIGNS, INC., ET AL. V. E.I. DU PONT DE NEMOURS AND COMPANY, ET AL; MCCONNEL INC. V. E.I. DU PONT DE NEMOURS AND COMPANY; ANTHURIUM ACRES, ET AL. V. E.I. DU PONT DE NEMOURS AND COMPANY**; CIVIL NOS. 96-01180; 97-00716; 99-00660; 00-00328 AND 00-00615 SOM-LEK