IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DAVID MATSUURA, ET AL., | CIVIL NO. 96-01180 SOM-LEK |
| Plaintiffs, | CIVIL NO. 97-00716 SOM-LEK |
| | CIVIL NO. 99-00660 SOM-LEK |
| vs. | CIVIL NO. 00-00328 SOM-LEK |
| | CIVIL NO. 00-00615 SOM-LEK |
| E.I. du PONT DE NEMOURS AND COMPANY, | **(FOR FILING IN ALL CASES)** |
| Defendants. | ORDER DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING COSTA RICA DOCUMENTS AND FIELD TESTING DISCOVERY |
| FUKU-BONSAI, INC., ET AL., | |
| Plaintiffs, | |
| vs. | |
| E.I. du PONT DE NEMOURS AND COMPANY, ET AL., | |
| Defendants. | |
| LIVING DESIGNS, INC., ET AL., | |
| Plaintiffs, | |
| vs. | |
| E.I. du PONT DE NEMOURS AND COMPANY, ET AL., | |
| Defendants. | |
| MCCONNEL, INC., a CALIFORNIA CORPORATION, | |
| Plaintiff, | |
| vs. | |
| E.I. du PONT DE NEMOURS AND COMPANY, | |
| Defendant. | |

```
ANTHURIUM ACRES, ET AL.,       )
                               )
          Plaintiffs,          )
                               )
     vs.                       )
                               )
E.I. du PONT DE NEMOURS AND    )
COMPANY,                       )
                               )
          Defendant.           )
_____)
```

ORDER DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT
REGARDING COSTA RICA DOCUMENTS AND FIELD TESTING DISCOVERY

Plaintiffs move for "partial summary judgment" to "establish" certain facts. Although Plaintiffs do not state in their motion what rule they are relying on, their reply clarifies that they are moving pursuant to Rule 56(d) of the Federal Rules of Civil Procedure. Because Rule 56(d) is not a basis for a stand-alone motion, Plaintiffs' motion for "partial summary judgment" is denied.

In April 1994, Plaintiffs settled their product liability cases against DuPont. These cases had alleged that Benlate, a DuPont product, had killed or damaged Plaintiffs' crops. Plaintiffs say that, after settling their claims, they discovered that DuPont had improperly failed to respond to discovery requests regarding Costa Rica field "tests" involving Benlate. DuPont does not dispute that, in other cases around the country, it was asked in discovery about the Costa Rica field "tests." DuPont does not dispute that it failed to provide discovery about what was done in Costa Rica. DuPont, however,

2

argues that what occurred with use of Benlate in Costa Rica did not constitute "tests," and that materials as to what had happened in Costa Rica were therefore not responsive to discovery requests concerning "tests."

There is clearly a dispute as to whether DuPont indeed conducted "tests" in Costa Rica. That may be the reason Plaintiffs have not sought summary judgment on claims regarding activities in Costa Rica. Instead, in moving for "partial summary judgment," Plaintiffs ask this court to "establish" certain facts pursuant to Rule 56(d) of the Federal Rules of Civil Procedure. Rule 56(d) provides:

> If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly.

Plaintiffs ask this court to "establish" that, in other Benlate product liability cases around the country in which their attorney, Kevin Malone, was involved, other nurseries made discovery requests to DuPont, asking DuPont to identify all

3

Benlate tests conducted by DuPont in 1992 and to produce all documents relating to the 1992 tests. See Videotaped Deposition of Kevin Malone (June 13, 2002) at 45-6 (indicating that nursery plaintiffs made discovery requests regarding all field testing of Benlate); DuPont's April 26, 1993, Response to Document Production Request Number 44 in Far West, Inc., v. E.I. DuPont De Nemours & Co., Case No. 92-08790 18 H. Moriarty (attached as Ex. 12) (produced to Malone) ("REQUEST NO. 44: All greenhouse and field trial tests performed on Benlate 50 DF at any time. RESPONSE NO. 44: DuPont, based on a reasonable investigation, has found that documents responsive to this very broad request are contained in the depository and have previously been made available for plaintiffs' inspection and copying."). DuPont does not dispute that it was asked in other product liability cases to produce discovery about all Benlate "tests" conducted in 1992, which would have included "tests" done in Costa Rica if what DuPont did in Costa Rica were Benlate "tests."

Plaintiffs ask this court "establish" that the forty documents listed on pages 8 through 11 of their motion were not produced by DuPont to Plaintiffs or their attorney, Kevin Malone, before 1995. DuPont admits that it did not produce those documents to Malone before 1995. See Opposition at 2 ("Regarding **FACT 1** -- that the 40 identified documents were not produced to

Kevin Malone prior to 1995 -- DuPont has already admitted this **in discovery**").

Plaintiffs also ask this court to establish that, in responding to discovery requests made by various nursery plaintiffs around the country regarding Benlate "tests," DuPont used the United States mail.  See DuPont's April 26, 1993, Response to Document Production Request Number 44 in Far West, Inc., v. E.I. DuPont De Nemours & Co., Case No. 92-08790 18 H. Moriarty (attached as Ex. 12) (certificate of service indicating that DuPont's discovery response was hand delivered to Kevin Malone and sent via mail to all other counsel).  DuPont does not dispute this fact either.

Although DuPont does not dispute the above three facts, DuPont argues that "establishing" these facts for trial is inappropriate because Plaintiffs could have asked for admissions of these facts and cannot now do so pursuant to the November 30, 2006, Stipulation and Order Regarding Remaining Discovery.  In that stipulation and order, the parties agreed "that discovery in these cases has been completed and no further discovery shall be conducted by the parties, except as necessary to authenticate documents or other physical evidence or as otherwise provided below."

5

A Rule 56(d) motion is not a stand-alone motion. See LaPrade v. Abramson, 2006 WL 3469532, *8 (D.D.C. 2006) ("Rule 56 does not contemplate a motion for partial summary judgment of the sort LaPrade has filed. Judgment may not be entered as to a fact or an element of a claim. Although Rule 56(d) contemplates an order specifying the facts that appear without substantial controversy, there is no such thing as an independent motion under Rule 56(d)." (citations and quotations omitted)); Sears, Roebuck & Co. v. Sears Realty Co., 932 F. Supp. 392, 410 (N.D.N.Y. 1996) ("The procedure prescribed in Rule 56(d), however, is designed to be ancillary to a motion for summary judgment, and is not to be invoked as an independent basis for relief."); SFM Corp. v. Sundstrand Corp., 102 F.R.D. 555, 558 (N.D. Ill. 1984) ("Rule 56(d) does not authorize the initiation of motions the sole object of which is to adjudicate issues of fact which are not dispositive of any claim or part thereof."); 10B Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice & Procedure § 2737 (3d ed. 1998) ("The procedure prescribed in subdivision (d) is designed to be ancillary to a motion for summary judgment".). Plaintiffs' stand-alone Rule 56(d) motion is improper and is therefore denied.

To shorten issues at trial, and because there does not appear to be any dispute, the parties shall meet and confer to discuss whether they are willing to stipulate to reading some version of following to the jury at appropriate times:

>    (1) In other Benlate product liability cases around the country in which Plaintiffs' attorney, Kevin Malone, was involved, other nurseries made discovery requests to DuPont, asking DuPont to identify all Benlate tests conducted by DuPont in 1992 and to produce all documents relating to those tests;
>
>    (2) The forty documents listed on pages 8 through 11 of their motion were not produced by DuPont to Plaintiffs or their attorney, Kevin Malone, before 1995; and
>
>    (3) In responding to certain discovery requests made by various nursery plaintiffs around the country regarding Benlate "tests," DuPont used the United States mail.

The parties shall also meet and confer to discuss what other facts the parties are willing to stipulate to in front of the jury. The parties should inform the court no later than March 30, 2007, what facts they have stipulated to.

       IT IS SO ORDERED.

       DATED: Honolulu, Hawaii, February 16, 2007.

/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

DAVID MATSUURA, ET AL. v. E.I. DU PONT DE NEMOURS AND COMPANY; FUKU-BONSAI, INC., ET AL. v. E.I. DU PONT DE NEMOURS AND COMPANY, ET AL.; LIVING DESIGNS, INC., ET AL. v. E.I. DU PONT DE NEMOURS AND COMPANY, ET AL; MCCONNEL INC. v. E.I. DU PONT DE NEMOURS AND COMPANY; ANTHURIUM ACRES, ET AL. v. E.I. DU PONT DE NEMOURS AND COMPANY; CIVIL NOS. 96-01180; 97-00716; 99-00660; 00-00328 and 00-00615 SOM-LEK: ORDER DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING COSTA RICA DOCUMENTS AND FIELD TESTING DISCOVERY